IN THE UNTED STATED DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

J.D. HEISKELL HOLDINGS, LLC
d/b/a J.D. HEISKELL & COMPANY,

        Plaintiff,
vs.                                                Civ. No. 23-854 JCH/JFR

WILLARD DAIRY, LLC, VALLEYVIEW
DAIRY, LLC, and TIVERTON ADVISORS,
LLC,

        Defendants.

**ORDER DENYING**
**DEFENDANT TIVERTON'S MOTION FOR PROTECTIVE ORDER STAYING**
**DISCOVERY PENDING THE OUTCOME OF DEFENDANT TIVERTON ADVISORS,**
**LLC'S MOTION TO DISMISS**

        This matter is before the Court on Defendant Tiverton Advisors, LLC's *Motion for Protective Order Staying Discovery Pending the Outcome of Defendant Tiverton Advisors, LLC's Motion to Dismiss*, filed July 16, 2024.  Doc. 43.  The Plaintiff has responded.  Doc. 51.  The Court held a hearing on this matter on August 14, 2024.  Based on its review of the briefing and its balancing of various interests in this case, the Court will **DENY** Defendant's motion.

Procedural and Relevant Factual Background

        Plaintiff J.D. Heiskell & Company filed a lawsuit originally naming two defendants, Willard and Valleyview ("Borrower Defendants"), alleging breach of contract and seeking damages in the amount of $383,577.77.  *See* Doc. 1.  Soon after engaging in discovery, Plaintiff moved the Court to amend its complaint to include a claim against Tiverton.  Doc. 18.  The District Judge granted Plaintiff's motion to amend, so Plaintiff filed its Amended Complaint adding a cause of action alleging that Defendant Tiverton improperly interfered with Plaintiff's contractual and business relationships with the Borrower Defendants.  *See* Doc. 24 at ¶¶ 100-107 (alleging that Tiverton took control of Willard and Valleyview's payment decisions, refused to

1

allow Willard and Valleyview to pay outstanding balances owed to Plaintiff, and improperly interfered with Plaintiff's contractual and business relationships with Willard and Valleyview). Plaintiff served discovery on Defendant Tiverton on or about June 17, seeking information regarding Tiverton's business relationships with the Borrower Defendants. On June 24, prior to responding to Plaintiff's discovery requests[1], Defendant Tiverton filed its motion to dismiss, Doc. 33, the instant motion, Doc. 43, and Plaintiff subsequently filed its motion to compel.[2] Doc. 61.

The Parties' Briefing

Defendant Tiverton moves the Court for a protective order and a stay of all discovery pending resolution of its motion to dismiss. Doc. 43. Defendant claims that because its motion to dismiss may result in dismissal of Plaintiff's claims against Tiverton, a protective order and discovery stay are appropriate. *Id.* at 2. Defendant Tiverton points to various factors courts typically examine in deciding whether to stay discovery, *id*. at 3, and argues that the factors weigh in favor of granting a discovery stay. *Id*. at 3-4. In the event its motion is denied, Defendant agrees to produce the requested discovery within 30 days of a court order. *Id.*

Plaintiff opposes a stay of discovery and argues that Defendant Tiverton's motion to dismiss represents "another tactic by Tiverton to delay the progress in this case and to avoid

---

[1] At hearing on this motion, the parties informed the Court that Defendant Tiverton has answered some but not all of Plaintiff's discovery requests. *See* Liberty Court Recorder 08142024_JFR_23cv854_ABQ-Zoom.

[2] The Court notes that Plaintiff failed to abide by the Court's guidelines regarding discovery disputes. *See* https://www.nmd.uscourts.gov/content/honorable-john-f-robbenhaar ("Judge Robbenhaar's Procedures for Civil Discovery, Settlement Matters, and Discovery Disputes"). As set forth in its guidelines, the Court requires parties to submit these types of discovery disputes to the Court by status report, after which the Court will schedule and conduct an informal, telephonic dispute conference. Here, there is no question that Plaintiff failed to follow these guidelines. Nonetheless, the Court will excuse Plaintiff's oversight and consider the motion to compel, given that the subject matter of that motion is effectively enmeshed in Defendant Tiverton's motion for protective order/discovery stay, and because the actual discovery requests that form the basis of Plaintiff's motion to compel have previously been made part of its response to Defendant's motion for protective order. *See* Doc. 51-1.

discovery…" Doc. 51 at 1.  Plaintiff refutes that Defendant's motion to dismiss will be successful, as that motion relies on documents to which Plaintiff is not a party and which Plaintiff had not previously seen.  *Id.*  As such, Plaintiff argues that it should be entitled to discovery on the underlying business arrangement between Defendant Tiverton and the Borrower Defendants (i.e. "Tiverton Deal", Doc. 24 at ¶ 103), including communications between the Defendants in negotiating the deal, Tiverton's exercise of control over the Borrower Defendants' assets, as well as direction by Tiverton to the Borrower Defendants to stop paying Plaintiff.  *Id.* at 5.  Plaintiff asserts that Defendant's motion to dismiss primarily argues its defenses to Plaintiff's tortious interference claim rather than focusing on whether the Amended Complaint states a claim upon which relief can be granted.  *Id*. at 2.  Plaintiff analyzes factors relevant to the Court's inquiry and argues a discovery stay is not warranted and Defendant's motion should be denied.  *Id.* at 6-8.

Defendant Tiverton did not file a Reply.

Legal Standards

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).  However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...."  Fed. R. Civ. P. 26(c).  "It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." *Pet Milk Co. v. Ritter*, 323 F.R.D. 586, 588 (10th Cir. 1963) (citations of quotations omitted).  "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."

*Landis v. N. Am. Co.*, 299 U.S. 248, 254–255 (1936) (citations omitted). In performing this weighing function, courts in this district consider the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See, e.g.*, *Mestas v. CHW Grp. Inc.*, No. CV 19-792 MV/CG, 2019 WL 5549913, at *1 (D.N.M. Oct. 28, 2019) (citing *Todd v. Montoya*, No. CIV 10-0106 JB/RLP, 2011 WL 13286329, at *1 (D.N.M. Jan. 18, 2011)).

A stay of *all* discovery, however, is generally disfavored. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009); *Chavez v. Young Am. Ins. Co.,* No 06-cv-02419-PSF-BNB, 2007 WL 683973, at *23 (D.Colo. Mar. 2 2007) (citation omitted). The party seeking a stay generally faces a difficult burden. *See Clinton v. Jones*, 520 U.S. 681, 708, 117 S.Ct. 1636 (1997). "In particular, where a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity because the relief would severely affect the rights of others." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). Whether to issue a discovery stay depends greatly on each case's facts and progress. *Green v. Padilla*, 697 F.Supp.3d 1115, 1177 (D.N.M. Oct. 6, 2023) (citations omitted). "The underlying principle clearly is that 'the right to proceed in court should not be denied except under the most extreme circumstances.'" *Commodity Futures Trading Comm'n*, 713 F.2d at 1484 (alterations omitted) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)).

Whether to issue a discovery stay depends greatly on each case's facts and progress. A judge in the District of New Mexico has noted that the "[d]efendants in civil cases face an uphill battle in putting the brakes on discovery." *Fabara v. GoFit, LLC*, 2015 WL 3544296, at *11

4

(D.N.M. May 13, 2015) (Browning, D.J.).  Defendants particularly struggle "where there are a relatively small number of factual issues, the plaintiff's discovery requests are not particularly burdensome, and the defendant has not shown how it will suffer prejudice from them."  *Fabara,* 2015 WL 3544296, at *11.

Analysis

Under the Civil Justice Reform Act and the Federal Rules of Civil Procedure, the Court must attempt to secure the "just, speedy, and inexpensive" resolution of every civil case before it. 28 U.S.C. § 471; Fed. R. Civ. P. 1.  This standard requires the Court, in the course of ensuring a just outcome, to both (1) expedite the ultimate disposition of litigation and (2) reduce its costs. Discovery stays generally impede the first goal but may, depending on the circumstances, serve the second.  As such, the decision whether to stay discovery "depends greatly on each case's facts and progress" and is within the Court's "broad discretion."  *De Baca v. United States*, 403 F. Supp. 3d 1098, 1111-12 (D.N.M. 2019); *Martin v. City of Albuquerque*, 219 F. Supp. 3d 1081, 1089-90 (D.N.M. 2015).

    A.  Whether the Balance of Interests Weighs For or Against a Case-Wide Discovery Stay

Here, Plaintiff originally filed its lawsuit in September 2023, and then filed its Amended Complaint wherein it joined Defendant Tiverton in May 2024.  The case is not particularly old and, as with almost all plaintiffs, the Plaintiff here certainly has a strong interest in having its claims resolved expeditiously.  *See Ascent Energy, LLC v. Reach Wireline, LLC*, No. CV 21-326 KWR/CG, 2021 WL 3663852, at *2 (D.N.M. Aug. 18, 2021) (citing *Commodity Futures Trading Comm'n,* 713 F.2d at 1484).  However, Plaintiff's interest in proceeding with discovery is not greater than any plaintiff's "generic" interest in a quick resolution of his case.  *See id.* at *2-3. Further, Plaintiff states that Defendant Tiverton "has delayed on all fronts", by failing to respond

5

to a subpoena[3], by extending the time to answer the Amended Complaint, and by filing its motion to dismiss based on defenses rather than on the standard set forth in Rule 12(b)(6). Doc. 51 at 6-7. Plaintiff's concerns, to the extent they explain the present posture of the case, are not particularly noteworthy or unique, and don't remove this case from what appears to be a typical litigation path; litigation routinely commences months if not years after the underlying events, and normally takes many months and sometimes years to consummate. The Court concludes that Plaintiff's interest in the expeditious resolution of his claims is not exceptional or otherwise unique, that the lawsuit is still relatively young, and the concern for dilatory tactics by Defendant is not particularly persuasive. Overall, Plaintiff's stated interests, by themselves, do not persuade the Court a stay of discovery is necessarily inappropriate.

For its part, Defendant Tiverton argues that the burdens and expense of engaging in discovery merit an across-the-board discovery stay, given that the entirety of Plaintiff's claims against Tiverton are vulnerable to its "complete defense against JDH's claims which will result in Tiverton's dismissal from this lawsuit if its Motion to Dismiss is granted." Doc. 43 at 3-4. As such, the Court sees potential prejudice to Defendant Tiverton stemming from its obligation to respond to Plaintiff's discovery requests.

Defendant Tiverton's 12(b)(6) motion to dismiss attacks Plaintiff's claims of tortious interference with business relations, claiming that the Amended Complaint fails to state that Tiverton induced the alleged breach without justification or privilege. Doc. 33 at 8. Defendant Tiverton refers to the "Tiverton Deal", *id.* at 4, wherein Tiverton executed security agreements with the Borrower Defendants, who conveyed a continuing security interest in collateral to

---

[3] Counsel for Defendant Tiverton disputes this characterization, and explained at hearing that after being served with the subpoena, he attempted to meet and confer with Plaintiff's counsel who opted to file a motion for leave to amend the complaint rather than responding to defense counsel's message. *See* Liberty Court Recorder 08142024_JFR_23cv854_ABQ-Zoom.

Tiverton. *Id*. Defendant Tiverton attaches to its motion to dismiss portions of the documents which make up the "Tiverton Deal" and argues that Plaintiff fails to allege the essential element of tortious interference that Tiverton acted without justification or privilege. *Id*. at 8. Further, Defendant Tiverton argues that amending the Amended Complaint would be futile. *Id*. at 11.

Defendant Tiverton relies on its motion to dismiss to suggest discovery is not necessary, and without expressing any opinion on the merits of the motion, the Court finds that its arguments are at least colorable. *See Roybal v. United States*, CIV No. 13-610 KG/GBW, 2014 WL 12617288, at *2 (D.N.M. Apr. 9, 2014) (evaluating whether the arguments raised by a motion to dismiss were colorable in the context of ruling on a motion to stay discovery). But this Court can't predict whether the presiding judge will grant or deny Tiverton's motion. Nonetheless, Plaintiff points out that Defendant Tiverton relies on redacted documents that were not attached to the Amended Complaint and had not been produced to Plaintiff,[4] and that Defendant is essentially asking the Court to look beyond the pleadings, which is inappropriate under Rule 12(b)(6). *See* Doc. 39 at 3 (…it is evident that Tiverton must go beyond the pleadings in order to argue its motion to dismiss…"); Doc. 51 at 6 ("JDH had never seen these documents before these excerpts were filed by Tiverton, JDH is not a party to these agreements, and Tiverton failed to provide the entirety of the agreements to the Court or JDH in connection with its Motion to Dismiss."). In addition to moving for dismissal, Tiverton also argues that Plaintiff's discovery requests are unduly burdensome and unnecessary in the event dismissal is granted. Here, it does not appear to the Court that Plaintiff's discovery requests are overly broad or burdensome, but reasonably request information appropriately tailored to Plaintiff's legal

---

[4] The parties informed the Court at hearing that Defendant Tiverton has produced unredacted copies of the documents to Plaintiff. *See* Liberty Court Recorder 08142024_JFR_23cv854_ABQ-Zoom.

claims.  *See* Doc. 51-1, Exh. A, B, C (First Set of Interrogatories; Requests for Production; Requests for Admission).  Plaintiff has filed a motion to compel, *see* Doc. 61, and at hearing the parties agreed to meet and confer about possibly narrowing Plaintiff's requests.  Whether or not the Court grants or denies that motion, the Court is not persuaded that responding to Plaintiff's discovery requests, at this juncture, poses an undue burden or expense to Defendant Tiverton such that a stay of all discovery is warranted.  *See Clinton v. Jones*, 520 U.S. 681, 708, 117 S.Ct. 1636 (1997) ("[t]he proponent of a stay bears the burden of establishing its need.").  The Court concludes that this factor weighs against the issuance of a protective order and granting a discovery stay.

In addition to Defendant Tiverton's interests are the interests of the Borrower Defendants in this case—Willard and Valleyview.  However, it is the Court's understanding that discovery against these defendants has largely completed, and Plaintiff has joined Defendant Tiverton and focused its case.  There being no other parties than those named in this lawsuit, the Court concludes that any prejudice to the Borrower Defendants is neutral, given that the Borrower Defendants' finances appear to be controlled by Defendant Tiverton, and whether or not Tiverton participates in discovery here does little to impact them.

Next, the Court considers whether a stay of all discovery promotes judicial economy and efficiency.  Stays pending a ruling on Rule 12(b)(6) motions are generally disfavored in this district because they may prolong litigation or incentivize the filing of dismissal motions as a strategy for pausing lawsuits.  *See Ascent Energy, LLC*, 2021 WL 3663852, at *4 (D.N.M. 2021).  Here, a motion to dismiss was filed on June 2024 and is now fully briefed.  Unlike, for example, a putative class action lawsuit where a defendant's pending motion to dismiss uniquely weighs in favor of a discovery stay, *see Silver v. City of Albuquerque*, 2022 WL 9348637 at *3 (D.N.M.

8

2022), a motion to dismiss filed by one defendant presents an entirely different calculus. While granting Defendant Tiverton's motion for protective order and discovery stay may not necessarily disrupt the Court's docket, the Court doesn't see how a case-wide stay promotes judicial efficiency. To the contrary, a stay of discovery does not further the efficient management of this litigation. The court concludes that this factor weighs against granting a stay of discovery.

The Court next considers the interests of individuals not named in this lawsuit, and of the public. Defendant Tiverton notes that the interest of third parties does not come into play, "except that there is a general interest in an efficient and just resolution of the case." Doc. 43 at 4. Arguably, the public's interest is not to see a lawsuit stalled but one where lawsuits efficiently move toward resolution. *See* Fed.R.Civ.P 1. The Court concludes that the public's interest weighs against granting an overall stay of discovery.

B. <u>The Court Concludes That A Discovery Stay and/or Protective Order Are Not Appropriate</u>

The movant for a discovery stay carries a heavy burden to demonstrate the necessity of its request. Discovery stays pending adjudication of motions to dismiss under Rule 12(b)(6) are disfavored, in part because they tend to prolong proceedings. *See New Mexico ex rel. King v. Bank of Am. Corp.*, 2013 WL 12328915, at *1 (D.N.M. Oct. 23, 2013) ("a stay of discovery is generally disfavored"). "The underlying principle clearly is that '[t]he right to proceed in court should not be denied except under the most extreme circumstances.'" *Commodity Futures Trading Comm'n. v. Chilcott Portfolio Mgmt., Inc.,* 713 F.2d at 1484 (quoting *Klein v. Adams & Peck,* 436 F.2d 337, 339 (2d Cir.1971)). As a public policy, stays pending resolution of 12(b)(6) motions are the exception in this District. *See New Mexico ex rel. King v. Bank of Am. Corp.,* 2013 WL 12328915, at *1 (D.N.M. Oct. 23, 2013) ("a stay of discovery is generally disfavored"). Furthermore, as explained above, the Court is expected to expedite the ultimate

disposition of litigation. *See* 28 U.S.C. § 471; Fed. R. Civ. P. 1; *Cabrera*, 2021 WL 131460, at *1.

Here, the discovery sought from Defendant Tiverton is focused on a narrow set of issues and does not appear to be particularly demanding, broad, or invasive; even so, the parties have agreed to meet and confer in an effort to narrow Plaintiff's requests. Defendant Tiverton has not clearly demonstrated how it will suffer prejudice by responding to these requests; indeed, Tiverton agreed that it likely can produce the requested discovery within 30 days or so after a ruling denying its motion, suggesting the materials and information sought by Plaintiff can be located and readily produced. Also, a stay of discovery conflicts with the Court's goal of expediting the ultimate disposition of the litigation and impedes Plaintiff's right to proceed in court. When considering the various interests at play—particularly, those of plaintiff, defendant and co-defendants, the court, and the public—the Court in its discretion concludes they weigh against the granting of a protective order and discovery stay.

**THEREFORE,** the Court will **DENY** Defendant Tiverton's *Motion for Protective Order Staying Discovery Pending the Outcome of Defendant Tiverton Advisors, LLC's Motion to Dismiss*.

**IT IS SO ORDERED.**

_____
HON. JOHN F. ROBBENHAAR
United States Magistrate Judge